### STRASBURGER v. GOLDENBERG et al.

(Supreme Court, Appellate Term.   April 10, 1908.)

INSURANCE—BROKERS—SERVICES.

Plaintiff, an insurance broker, was requested by defendant to renew certain insurance according to a custom under which plaintiff's compensation was derived from the insurers after the premiums were paid. Certain of the policies were canceled, because a reduced rate was obtainable for payment of premiums thereon, whereupon plaintiff sued defendant for commissions on such policies. Held, that plaintiff, if regarded as defend-

.ant's agent to place the insurance, was bound to secure it at the best possible rates, and his failure to do so justified defendant in refusing to pay the premiums and canceling the policies, and relieved him from any liability for plaintiff's services.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Myer Strasburger against Herman Goldenberg and others. From a Municipal Court judgment in favor of plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Dittenhoefer, Gerber & James (John B. Knox, of counsel), for appellants.

William F. Unger, for respondent.

DAYTON, J. Plaintiff was requested by the defendants to renew certain insurance. The aggregate premiums were large. Some of them the defendants did not pay. Plaintiff's compensation as a broker was known to be derived from the companies issuing the policies, after the premiums were paid. As defendants did not pay the premiums on some of the policies, the latter were canceled, and plaintiff sued to recover what he would have received from the companies, had defendants paid the premiums. Judgment was had in his favor. Defendants appeal.

Testimony for the defense showed that the policies in question here were returned by the defendants to the companies for cancellation, were canceled, and no premiums paid. The plaintiff looked wholly to the companies for his compensation, which depended upon the payment of premiums by the insured, so that the contract was between the companies and the defendants, through the instrumentality of the plaintiff, who was really the agent of the companies. He knew, when he undertook to place the insurance, that he would receive no pay unless the defendants paid the premiums. He also knew the custom of canceling policies. According to defendants' testimony, plaintiff was to take charge of the insurance, and when the policies in question were obtained by plaintiff they were returned for cancellation, because a reduction of rate was obtainable. This is not denied. If plaintiff can be regarded as defendants' agent, he was bound to secure insurance at the best possible rates. His failure to do so justified the refusal to pay premiums and the cancellation of the policies. So that in any aspect of the record the judgment was error, and should be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.