DAVIS, DORLAND & CO. v. HUSING.

(Supreme Court, Appellate Term, First Department.   January 9, 1913.)

INSURANCE (§ 105*)—AGENTS—RIGHT TO COMPENSATION.

An insurance broker, authorized by defendant to renew all expiring insurance for his account, who thereafter delivered certain policies to defendant, in the absence of any custom showing that he was not acting for defendant, was entitled to compensation.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 131; Dec. Dig. § 105.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Davis, Dorland & Co. against August Husing.  From a judgment for plaintiff, after a trial before the court without a jury, defendant appeals.  Affirmed. '

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued December term, 1912, before SEABURY, GUY, and GER-ARD, JJ.

Wesselman & Kraus, of New York City (H. B. Wesselman, of New York City, of counsel), for appellant.

Melvin G. Palliser, of New York City (Douglas B. Green, of New York City, of counsel), for respondent.

GERARD, J. Plaintiff, an insurance broker, was duly authorized by defendant to renew "all expiring insurance for my account." There-after plaintiff delivered certain policies to defendant, who returned the same, claiming they were made for a longer period than authorized by him.

The questions of fact on this issue having been determined in plaintiff's favor, there remains only one question of law; namely, wheth-er plaintiff can recover at all for its services; the defendant claiming that plaintiff must look to the insurance companies for its compensa-tion, and that he is not bound to pay it at all for its services. The defendant cites the case of Strasburger v. Goldenberg, 109 N. Y. Supp. 803. In that case the court said, referring to the plaintiff:

"He knew that, when he undertook to place the insurance, he would receive no pay unless the defendant paid the premiums. He also knew the custom of canceling policies."

The evidence in that case showed that the plaintiff could not have been acting for the defendant, as the plaintiff might have obtained the policies at a lower rate; but in the case at bar there was no proof of any custom, and in the absence of any proof plaintiff, employed to perform a service, is entitled to be compensated.

Judgment should be affirmed, with costs. All concur.